UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING THIBODEAUX,<br><br>        Plaintiff,<br><br>    vs.<br><br>GAIL LEWIS, et al.,<br><br>        Defendants. | 1:12-cv-00689-GSA-PC<br><br>ORDER DISMISSING THIS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br>(Doc. 8.)<br><br>ORDER FOR THIS DISMISSAL TO BE SUBJECT TO THE THREE-STRIKES PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.      BACKGROUND**

Sterling Thibodeaux is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On December 2, 2009, state prisoner Anthoney Lynch filed the initial Complaint in Case 1:09-cv-2097.  (Case 1:09-cv-2097, Doc. 1.)  On April 14, 2011, the Court dismissed Lynch's Complaint for failure to state a claim, with leave to amend.    (Case 1:09-cv-2097, Doc. 13.)  On October 12, 2011, Lynch and two co-plaintiffs, Sterling Thibodeaux and Willie Jones, filed the First Amended Complaint.  (Case 1:09-cv-2097, Doc. 22.)  On May 1, 2012, the Court severed the claims of the three plaintiffs and dismissed the First Amended Complaint for failure to state a claim, with leave for the three plaintiffs to each file a Second Amended Complaint in their own cases. (Case 1:09-cv-2097, Doc. 28.)

On May 1, 2012, the present action was opened, with Sterling Thibodeaux ("Plaintiff") as the sole plaintiff. (Doc. 1.) On August 10, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 9.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On August 10, 2012, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (Doc. 8.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

///

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at California Men's Colony West in San Luis Obispo, California. The events at issue in the Second Amended Complaint occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, Avenal State Prison (ASP) in Avenal, California, and Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated at those facilities. Plaintiff names as defendants the Wardens and Assistant Wardens of PVSP, ASP, and CSP; the Chief Medical Officers and Regional Medical Officers of PVSP, ASP, and CSP; the Cities of Coalinga, Avenal, and Corcoran; and the Secretary of Corrections for the California Department of Corrections and Rehabilitation. Plaintiff factual allegations follow.

Plaintiff was housed for multiple years at PVSP, ASP, and CSP. Plaintiff was never warned that he was being exposed to a deadly disease known as Valley Fever by being imprisoned at those facilities. Valley Fever is a disease that lays dormant in the soil and becomes airborne once the soil is disturbed by wind, construction, etc. Valley Fever is present in the Central Valley of California, and the three facilities are labeled as hyper-endemic areas for the disease.

Plaintiff alleges that all of the named Defendants knew or should have known about the Valley Fever epidemic at PVSP, ASP, and CSP, yet they built those facilities and continued to house unwitting inmates there, failing to train staff to respond to the Valley Fever outbreak. Plaintiff contracted Valley Fever, causing him to suffer pain and mental distress, multiple surgeries, headaches, joint pain, loss of appetite, months of hospitalization, and spinal taps, which is beyond the normal harsh conditions of confinement.

Plaintiff requests monetary damages and injunctive relief.

///

///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### A. Valley Fever Claim – Eighth Amendment

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. at 1045 (quoting Rhodes v. Chapman, 452

U.S. 337, 347, 101 S.Ct. 2392 (1981)).  Whether Plaintiff is claiming that the presence or prevalence of Valley Fever at PVSP, ASP, and CSP constituted a danger to his health, that his medical needs were disregarded, or both, he must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

In the Second Amended Complaint, Plaintiff states that Defendants were negligent and deliberately indifferent because "Defendants ... knew, or should have known, of the Valley Fever epidemic at PVSP/CSP/ASP," but they constructed prison facilities and housed unwitting inmates, deliberately indifferent to their future health.  Second Amd Cmp, Doc. 8 at 4:8-18. Plaintiff has not set forth sufficient factual matter to state a claim against any of the Defendants.  The Second Amended Complaint is devoid of any factual allegations supporting a claim that prison officials knowingly disregarded a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847.  Neither mere negligence, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), nor the bare fact that Plaintiff contracted Valley Fever gives rise to a cognizable claim, Toguchi, 391 F.3d at 1060; and Plaintiff's reliance upon legal conclusions does not support a plausible claim for relief, Iqbal, 556 U.S. at 678.  Plaintiff fails to demonstrate that any individual defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  In fact, Plaintiff does not name, or refer to, any individual defendant in his recitation of allegations in the Second Amended Complaint.  Thus, the Court finds that Plaintiff has not stated any viable claims under section 1983.

B. **Failure to Train and Supervise**

Plaintiff alleges that Defendants failed to train and supervise staff to effectively respond to the Valley Fever outbreaks at PVSP, ASP, and CSP.

State tort law, such as negligent failure to train and supervise, is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the Second Amended Complaint. Therefore, Plaintiff's claim for failure to train and supervise fails.

## V. CONCLUSION

The Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the Defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: __**April 13, 2013**__          __**/s/ Gary S. Austin**__

UNITED STATES MAGISTRATE JUDGE